Yes, thank you. Good morning. Kimberly Sandberg with the Federal Public Defender's Office, District of Nevada, on behalf of Tony Brown. May it please the Court. And, Your Honors, I would like to, if possible, reserve two minutes of rebuttal time. Keep an eye on the clock. We'll try to help you. Thank you. Tony Brown should be granted equitable tolling so that the merits of his underlying claims in his federal petition for writ of habeas corpus can be reviewed by the federal courts. Now, the reasons he should be granted equitable tolling are twofold. First, there was an extraordinary event that impeded his ability to file his petition in a timely manner. And second, Mr. Brown was diligent before, during, and after that extraordinary event. Counsel, with respect, I'm having trouble understanding how you say that because his counsel, he said he hadn't heard anything. She said, I thought she had received it. She then filed something in the state court, and I think there were approximately 140 days left to prepare. He didn't file anything after that. How does that become an extraordinary event? Well, he filed a federal petition approximately seven and a half months after the ending of his state court proceedings. Right, but after the 140 days was over, right? Correct. So basically what I'm saying is that he's blaming this on the lawyer. And yet, whether there's any culpability or not, the reality is that 140 days prior to the end of the statute of limitations under AEDPA, his counsel filed a pleading. He had that amount of time to file the appropriate petition and failed to do so within the statute of limitations. Why is that extraordinary? Why should he be entitled to equitable tolling in this situation? Well, it's an extraordinary event because due to his attorney's failure to tell him for ten and a half months about the denial of the direct appeal, he lost 224 days on his statute of limitations. And then when he did file his federal petition, it took him approximately seven and a half months, which I will argue was showing reasonable diligence under the circumstances. Now, if he had not lost that 224 days, by my calculation, his federal petition actually would have been filed early. And that's because as soon as he learned that his direct appeal had been denied, he filed his state post-conviction petition, which had already been drafted because he had filed it early. He had filed it prematurely, so it was already ready to go. And then it took him seven and a half months to draft and file his federal pro se petition. Had he not lost that 226 days, that federal petition would actually have been filed early. It would have been filed before the running of the statute of limitations, which is why this ten and a half month time period in which he didn't know his direct appeal had been denied is an extraordinary event that can justify equitable tolling. You make that as a finding of fact. There wasn't a finding of fact that he didn't know. All we have in the record is the preceding attorney said, I thought I had sent it, which means she thought she said it, but she never said she didn't send it. And there's nothing in the record that said she did not send it because your client never testified that he didn't get it. So how it seems to me that there's a whole missing here of even getting up to counting days. Can you help me with that, please? Yes, your honor. Whether or not his attorney thought she had sent the paperwork, Mr. Brown still took the step of calling his attorney to me. I understand that. But he never testified. He never filed a document. There's no facts in the record that he didn't get it. All we have is someone said, I thought I sent it, but there's no facts in the record. He didn't get it. Is there? There are not, which is why I would ask if if this court has questions or concerns about the facts of the case that this court remand to the district court so that the court holds a hearing. The district court is used. Did someone ask for a hearing? I did not explicitly ask for a hearing, but under that explicitly or unexplicitly, did you ask for a hearing? No, but when I put forth the facts for Mr. Brown, that necessarily. And putting forth facts that can justify equitable tolling under this court's precedence, if Mr. Brown could have proved facts that are true would would entitle him to equitable tolling. The district court should have held a hearing rather than dismiss the petition. A hearing, a hearing on what he he did not. He did not testify. He didn't get it. There's there's nothing. It's zero. He could have filed a declaration or an affidavit that he didn't get to document, but he never did. He did not testify because the court did not hold an evidentiary hearing. And I argue that the court should have held an evidentiary hearing rather than outright dismiss this petition. The truth is, it never occurred to me that he should have to file a declaration given the record before the court. His attorney filed a declaration stating that he did call. He asked about the status of his direct appeal, which I think the clear inference is that means he didn't know that the direct appeal had been denied. He had also filed his state and supplemental post conviction petitions early in which he complained about not having communication with his appellate attorney. And he explicitly told the court that he was trying to be diligent and he didn't want his claims to be time barred. And so the truth is, it did not occur to me that Mr. Brown would have to file a declaration swearing to all of these things when I believe the record speaks for itself. But again, I argue that the district court should have held a hearing. If the district court had questions about whether or not this actually happened, whether or not Mr. Brown actually didn't know about the denial of his direct appeal, the appropriate course of action would have been to have a hearing where Mr. Brown could have testified rather than just dismiss his petition, which means that he will never have the claims. But you're obviously an experienced lawyer. And under this one year statute is right out there. You have just mentioned that Mr. Brown was perfectly aware of the statute of limitations. He knew about it. You said he was sensitive to the time passing from the time that he received word from his former counsel. There were 140 days left. He didn't file anything. Are you telling us that it's an extraordinary event that someone can't even do it himself, can't file something that told the statute of limitations in 140 days? Is that what you're saying? Yes. And I think that goes to diligence after the extraordinary event has been lifted. And I would argue that under the specific facts of Mr. Brown's case, seven and a half months to file a federal petition does show the diligence. You said you wanted to save two minutes, and you're right to that. Now, do you want to rebut later or do you want to go ahead? I'll go ahead quickly and maybe save a minute for rebuttal. Mr. Brown's case was a trial case, which is more complicated than, say, a plea case. It's a larger record. He raised 14 grounds for relief, and some of them were legally complex. That's not something that a pro se petitioner from prison can necessarily do in the 140 days. And I think it's important. I think Mr. Brown's the sentence that he's serving is relevant to the diligence inquiry. He is serving life without parole, which in Nevada does mean he will never go before a parole board. He will die in prison unless he gets relief in the federal courts. And I think the sentence is relevant because that goes to show why Mr. Brown would want to be so complete in his petition and make sure he didn't want to leave anything out. And I argue that under the circumstances, 140 days simply was not enough for him in his specific circumstances to file his federal petition. And I would like to reserve the rest of my time for rebuttal. Very well. All right. Goble? Yes. Good morning, Your Honor. Good morning. Jordan Goble for the respondents. Before I started, I just wanted a real quick administrative. I hope you fine gentlemen will not hold it against me that as a gray-haired guy and not somebody who holds a cell phone to my forehead all day long, I look at my computer screen rather than the camera. So if I'm not looking at you directly in the eye, please don't hold it against me, but I'll try. We will not, and I can assure you that none of us would be, what shall I say, adverse to gray-haired people. It's against our self-interest. Thank you. Your Honor, you essentially took the words out of my mouth. This case, I believe, is very simple. The appellant is seeking the exception. Respondents are standing on the rule. The standard Mr. Brown must meet is very simple. He has to show extraordinary circumstances that prevented him from filing and diligence. In this case, the district court's order was extremely good. Court found no extraordinary circumstances. Nothing prevented him from filing timely. So the court didn't even mention diligence. I believe the record speaks for itself there. The questions that have been asked before I came on, I believe, already set the stage. So with that, I just address any questions you may have. I understand your argument and the rest of that. But there is some concern that a person who is going to be in jail the rest of their life should at least get into the batter's box, even though they made some mistake. Are there any cases that you're aware of that excuse is given to a person that's in a position where the alternative is to keep them behind bars for the rest of their life? That's an interesting question, Your Honor. Simple answer, no. I do not believe there is a case that deals with equitable tolling where the question asked was, with the exception of capital, is the prisoner's sentence by itself to be considered in the analysis of equitable tolling? I don't know of any cases that are. In this particular case, if you were to consider that, you would have to leap over the three hurdles that Mr. Brown has not been able to make. The record is of his own making. There was nothing at all that prevented him from filing. As I'm sure the court has seen, as I have seen, pro se petitioners file their federal petitions frequently, very, very simple, and then amend it later when there's issues about the statute. Unlike some of the other cases that have been cited, Mr. Brown's stated extraordinary circumstances were, I didn't know, but as this court has already mentioned, the statute didn't run while he knew. The statute ran five months later after he knew. So you can't get there from here. Are we to take into account the fact that the attorney that he contacted, who said she thought she had said it, had shown extraordinary diligence previously in her filings? From the record, it appears that she was really quite good in the timeliness of her filings. Are we to draw anything from that with respect to the credibility of Mr. Brown? Or do we even get into a credibility determination at the appellate court level? If there was a record that would support credibility as being a determining factor, I would agree. I don't believe this is that case. If I remember correctly, Mr. Brown's appellate attorney's exact words in the declaration were, I thought he had received our paper. Received, which impliedly means she'd sent it. So if she hadn't sent it, you would expect her to use words to the effect of, I thought I sent it, or perhaps we sent it. That's not what you have. I thought he received our paperwork, is what I recall the actual words saying. But that being said, that by itself, when Mr. Brown chooses not to file a declaration setting forth any facts for which the court can consider as competent admissible evidence that would in any way justify equitable tolling, you don't have it. Are you aware of any case where our court or any other court has found extraordinary circumstances where the time has not even come close to running under the statute of limitations as opposed to cases where the time had passed? Simple answer, no. The cases that I have read dealing with were equitable tolling granted, like in Holland or when we talked about it in Smith recently, all of those cases, the petitioner has made a considerable showing of what he did. Sending letters over and over again, telephone calls, state bar complaints. And in those cases, you usually see some type of mea culpa by the attorney or gee, I'm sorry, something to that effect. But I have not seen one in the absence of those circumstances set forth in the Holland in its prodigy. Do either of my colleagues have additional questions for Mr. Goebel? I'm fine.  Mr. Goebel, unless you have more to say, then we'll thank you for your presentation. No, sir. Thank you. We'll give Ms. Sandberg an opportunity for her rebuttal. Thank you, Your Honor. I would just say that it appears to me that there are many open questions in this case. Questions about Mr. Brown's credibility. Questions about whether his attorney did or did not tell him that his direct appeal had been denied. And questions about what was going on in that seven and a half months that he was drafting this pro se petition that, again, as I said, it raised 14 grounds for relief, many of them legally complex. And I would ask that given that there are all these open questions that this court remand to the district court so that the district court can hold an evidentiary hearing to develop the facts so that there's a developed factual basis for either denying relief, denying the petition or allowing the petition to go forward. I don't think it appears that there needs to be more factual development. And I would ask for a remand to the district court. Very well. Any additional questions by my colleagues of Ms. Sandberg? None. None. Thank you, counsel, both of you, for your argument. The case just argued is submitted. Thank you. Thank you.
judges: Wallace, M. Smith, Lasnik